UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANDO SERRANO, | ) | Case No.: 3:05CV643 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| ROB JEFFREYS, WARDEN, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On February 28, 2005, Armando Serrano, ("Petitioner"), through counsel, filed a

petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  Electronic Case

Filing ("ECF") Dkt. #1.  On March 4, 2005, this case was referred to the undersigned for a

Report and Recommendation.  ECF Dkt. #5.  Respondent Rob Jeffreys, Warden of the North

Central Correctional Institution in Marion, Ohio ("Respondent") has filed an answer/return of

writ.  ECF Dkt. #10.  For the following reasons, the undersigned recommends that this Court

dismiss Petitioner's federal habeas corpus petition with prejudice because he has procedurally

defaulted his first ground for relief and his second ground for relief is without merit.

**I.      FACTUAL BACKGROUND/PROCEDURAL HISTORY**

      **A.      FACTUAL BACKGROUND**

The Sixth District Court of Appeals of Ohio set forth the facts of this case on direct

appeal. These binding factual findings "shall be presumed to be correct", and Petitioner has "the

burden of rebutting the presumption of correctness by clear and convincing evidence." 28

-1-

U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119

S.Ct. 2403 (1999). Petitioner states in his traverse that he has no disagreement with the

statement of facts. ECF Dkt. #11 at 2. As set forth by the Sixth District Court of Appeals, the

facts are:

> This is an appeal from a judgment of the Lucas County Court of Common Pleas.
> Appellant, Armando Serrano, was convicted of two second degree felonies,
> possession of drugs, under R.C. 2925.11(A)(C)(3)(f), and trafficking in drugs,
> under R.C. 2925.03(A)(2)(C)(3)(f), both in connection with marijuana in excess
> of 20, 000 grams. We affirm the judgment of the trial court.
>
> The facts are not contested and spanned but a few minutes on December 5, 2002.
> Troopers Arnold and Romero, in separate squad cars, were observing traffic on
> the Ohio Turnpike. A Chevrolet Tahoe and a Nissan Frontier, traveling
> eastbound in tandem, passed the troopers. The driver of the Frontier and the
> passenger of the Tahoe both looked away, towards an empty cornfield as they
> passed. The troopers thought this was suspicious and decided to follow the
> vehicles to conduct a routine registration check. Over a few minutes the troopers
> became separated by about a mile. Before Romero pulled over the Tahoe he
> passed the Frontier, observing that the driver appeared nervous and reluctant to
> look anywhere but straight ahead.
>
> Appellant was the passenger in the Tahoe, which had a California license plate.
> Trooper Romero stopped this vehicle because it had crossed left of center about
> one foot three times in a four mile stretch. The driver was asked to exit the
> vehicle. He produced a Mexican identification and no registration and appeared
> nervous. The driver stated that they were on a trip from Los Angeles to Boston.
> Romero then approached appellant, in the passenger seat, and asked for the
> vehicle's registration. Appellant also appeared nervous. Romero noticed a
> strong smell of deodorizer and spotted a cell phone. Appellant initially stated he
> did not know their destination. When asked how he could not know, he
> responded that they were headed to the next state over, then confirmed that he
> was referring to Pennsylvania. Romero then returned to his squad car to check
> the identifications and vehicle registration.
>
> At that time Trooper Arnold contacted Romero. Arnold had stopped the
> Frontier, which had an Arizona license plate, about a mile away for a cracked
> windshield and for following a semi-truck too closely. The driver spoke poor
> English and Arnold requested that Romero come to her location and translate.
> The driver of the pickup had also stated he was headed from Los Angeles to
> Boston. There was also a strong deodorizer scent. Romero complied with the

> request to assist and instructed the Tahoe driver to follow him about a mile down
> the road.  Romero did this before his computer had finished processing the
> identification and registration check.
>
> After Romero and Arnold conferred, a canine sniff was conducted by Arnold's
> canine.  Arnold's canine, Ringo, alerted to narcotics in both vehicles and both
> vehicles were searched.  The pickup had over 87 pounds of marijuana.  The
> Tahoe had maintenance receipts for the pickup.  All three men were arrested.

ECF Dkt. #10, Exhibit 1 at 3.

On December 12, 2002, the Lucas County Grand Jury indicted Petitioner on one count

of possession of marijuana in violation of Ohio Revised Code §2925.11(A) and (C)(3)(f), one

count of drug trafficking in violation of Ohio Revised Code §2925.03(A)(2) and (C)(3)(f), one

count of possession of criminal tools in violation of Ohio Revised Code §2923.24(A) and (C),

one count of tampering with evidence in violation of Ohio Revised Code §2921.12(A)(1) and

(B), and one count of obstructing justice in violation of Ohio Revised Code §2921.32(A)(5) and

(B)(4).  ECF Dkt. #10, Attachment #2.  Petitioner proceeded to trial on the charges.  ECF Dkt.

#10, Attachment #3.

On March 17, 2003, the trial court issued an entry indicating that the jury had found

Petitioner guilty of the first count of possession of drugs in excess of 20,000 grams and the

second count of drug trafficking in excess of 20,000 grams.  ECF Dkt. #10, Attachment #3.  The

trial court sentenced Petitioner to eight years of imprisonment on each count and ran the

sentences concurrently.  *Id*.

**B.**     **PROCEDURAL HISTORY**

**1.**     **DIRECT APPEAL**

-3-

On April 8, 2003, Petitioner, through trial counsel, timely appealed his conviction.  ECF Dkt. #10, Attachment #4.  On July 21, 2003, Petitioner, through new counsel, filed an appellate brief with the Sixth District Court of Appeals arguing the following assignment of error:

> Assignment of Error:
>
> I.     Appellant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when his trial counsel withdrew a legitimate motion to suppress after apparently believing that a passenger in a motor vehicle stopped by law enforcement personnel does not have proper standing to challenge it's[sic] stop and his resulting detention, seizure, and arrest.
>
>> A.     A passenger in a motor vehicle stopped by law enforcement personnel has standing to challenge its constitutionality since, as compared to the driver, he is equally seized and his freedom of movement is equally affected
>>
>> B.     Absent exigent circumstances, once the detaining Trooper removes the detainee from the site of the initial stop, the line between investigative detention and custodial arrest has been crossed, and the transfer must have been supported by probable cause.

ECF Dkt. #10, Attachment #5 at ii.  The State filed a responsive appellate brief and on March 31, 2004, the Sixth District Court of Appeals announced its decision addressing Petitioner's assignment of error and affirming the trial court's judgment and sentence.  ECF Dkt. #10, Attachment #s 6, 8.

On May 14, 2004, Petitioner, through counsel, filed an appeal to the Supreme Court of Ohio.  ECF Dkt. #10, Attachment #9.  In his memorandum in support of jurisdiction, Petitioner presented the following sole proposition of law:

> Proposition of Law No. I:
>
> Once a law enforcement Trooper removes a detainee from the site of the initial

> stop, the line between an investigative detention and custodial arrest has been
> crossed, and the transfer must have been supported by probable cause. *(Florida
> v. Royer* (1983), 460 U.S. 491, applied.).

ECF Dkt. #10, Attachment #10.  The State filed a memorandum in opposition of jurisdiction

and on September 1, 2004, the Ohio Supreme Court denied Petitioner leave to appeal and

dismissed his appeal as not involving any substantial constitutional question.  ECF Dkt. #10,

Attachment #12.

## II.    FEDERAL HABEAS CORPUS PETITION

On February 28, 2005, Petitioner, through counsel, filed a petition for writ of habeas

corpus in this Court pursuant to 28 U.S.C. §2254.  ECF Dkt. #1.  In his petition, Petitioner

raises the following grounds for relief:

> Ground one: Petitioner was denied effective assistance of counsel.
>
> Supporting FACTS: Petitioner's trial counsel was appointed to represent him
> only eight (8) days prior to commencing jury trial.  This left Petitioner without
> adequate time to form a meaningful relationship, especially in light of the fact
> that Petitioner speaks very poor English and required the assistance of an
> interpreter at trial.  So deficient was trial counsel, that he was unaware until after
> the jury was empaneled, that a suppression motion had not been heard.
>
> Ground Two: Conviction obtained by use of evidence gained pursuant to an
> unconstitutional detention, search, and seizure.
>
> Supporting FACTS: Petitioner, who was a passenger in a motor vehicle which
> had been stopped for a traffic violation by the Ohio State Highway Patrol was,
> without the presence of exigent circumstances, detained unnecessarily and
> transported to the site of another traffic stop so that the trooper could assist
> another trooper with translation for another individual stopped at roughly the
> same time approximately one (1) mile away.

ECF Dkt. #1 at 5.  On June 9, 2005, Respondent filed an answer/return of writ.  ECF Dkt. #10.

On June 27, 2005, Petitioner, through counsel, filed a traverse/reply to Respondent's answer.

ECF Dkt. #11.

### III.    STANDARD OF REVIEW

### A.    PROCEDURAL BARRIERS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 28, 2005, well after the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).  However, a petitioner must overcome several procedural barriers before a reviewing court will review the merits of the petition for writ of habeas corpus.  As Justice O'Connor notes in *Daniels v. United States,* "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The AEDPA statute of limitations period for filing Petitioner's petition for a writ of federal habeas corpus is not at issue in the instant case.  However, Respondent asserts that Petitioner has procedurally defaulted both of his grounds for relief because he failed to fairly present them to the Ohio courts.  ECF Dkt. #10 at 14-16.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004).  The

-6-

exhaustion requirement is satisfied  "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *Id.* (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v.  Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

Unless an exception applies, this Court must dismiss a petition for lack of exhaustion if it contains at least one issue which was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts.  *Rose v. Lundy*, 455 U.S. 509, 518-520 (1982).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."

*Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or show that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. Under the test enunciated in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), a reviewing court must decide:

> (1)    whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2)    whether the state courts actually enforced the state procedural sanction;
>
> (3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.  As set forth in the last factor of the *Maupin* test, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D.Ohio 2004).  The above standards apply to the Court's review of Petitioner's claims.

**B.     MERITS REVIEW**

If a habeas petitioner overcomes the procedural obstacles as described in the foregoing section, the AEDPA sets forth the standard of review for the merits of a petition for the writ of

-9-

habeas corpus.  The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
>> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable
>> application of*, clearly established Federal law, as determined by the Supreme
>> Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of
>> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) the United States Supreme Court held that a state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* In contrast, the Supreme Court held that a state court adjudication involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* With respect to its "unreasonable application" holding, the Supreme Court emphasized that a federal habeas court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410. Rather, a federal habeas court may issue the writ only if the state court's application of clearly established federal law

-10-

was objectively unreasonable.[1]  *Id.*; *Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

**IV.**    **DISCUSSION**

Respondent contends that Petitioner has procedurally defaulted and waived both of his

grounds for relief because he failed to fairly present them before the Ohio courts.  ECF Dkt. #10

at 14.  For the following reasons, the undersigned recommends that the Court find that

Petitioner has waived and procedurally defaulted his first ground for relief.  As to the second

ground for relief, the undersigned questions whether Petitioner waived and procedurally

defaulted this ground but nevertheless recommends that the Court find that the Ohio appellate

court did not render a decision that was contrary to or involved an unreasonable application of

clearly established federal law.

**A.**    **FIRST GROUND FOR RELIEF**

In his first ground for relief, Petitioner complains that he was denied the effective

assistance of counsel because new trial counsel was appointed to represent him eight days

before trial and counsel did not become aware that a pending suppression motion had not been

heard until after the jury was empaneled.  ECF Dkt. #1 at 5; ECF Dkt. #1, Attachment #1 at 5-9.

Petitioner raised the issue of counsel's ineffectiveness on direct appeal to the intermediate

appellate court, although in a different context.  ECF Dkt. #10, Attachment #5.

A federal habeas corpus petitioner must fairly present the substance of his constitutional

---

[1] In determining whether a state court's adjudication was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, this Court must presume as correct any factual findings made by the state courts, unless petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

claim to the state courts. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d

3(1982)(per curiam); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed2d 438 (1971).

While some variance of a claim is permissible,

> a petitioner does not fairly present a claim if he presents an issue to the state courts under one legal theory, and then presents the issue to the federal courts under a different legal theory. Rather, he must present to the federal court essentially the same facts and legal theories that were considered and rejected by the state courts.

*Cowans v. Bagley,* 236 F.Supp.2d 841, 867 (S.D.Ohio 2002)*, citing Lorraine v. Coyle,* 291 F.3d

416, 425 (6th Cir. 2002)(citing *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle,*

261 F.3d 607, 609) (6th Cir. 2001); *Lott v. Bagley*, 534 U.S. 1147, 122 S.Ct. 1106, 151 L.Ed.2d

1001 (2002).  State courts must be afforded sufficient notice and a fair opportunity to apply

controlling legal principles to the facts bearing upon the constitutional claim. *Cowans,* 236

F.Supp.2d at 867, *citing Harless,* 459 U.S. at 6, 103 S.Ct. 276.

 Thus, in order to determine whether Petitioner fairly presented the substance of his first

ground for relief before this Court, the undersigned must compare this ground for relief to the

claims that he raised in the state courts.  In appeal to the Sixth District Court of Appeals,

Petitioner mentioned that counsel had been appointed "only eight (8) days prior to the

commencement of trial".  ECF Dkt. #10, Attachment #5 at 7.  However, Petitioner thereafter

concentrated exclusively on trial counsel's ineffectiveness in withdrawing a previously filed

motion to suppress and the issue of whether he, as a passenger, had standing to file such a

motion.  ECF Dkt. #10, Attachment #5 at 6-13.  Nothing more was mentioned about counsel's

appointment to the case eight days before trial.

 In addition, it is also questionable whether Petitioner fairly raised this "late"

appointment issue before the Ohio Supreme Court.  Petitioner mentioned in the introductory

paragraph of his memorandum in support of jurisdiction to the Ohio Supreme Court that the

central feature of his case was his counsel's late appointment to his case.  ECF Dkt. #10,

Attachment #10 at 3.  He began this paragraph by stating that "For each *day* his trial counsel

prepared for jury trial, Appellant received one *year* in prison-for a total of eight."  *Id.*  Petitioner

thereafter explained that the intermediate appellate court had found that trial counsel deficiently

performed but found that no resulting prejudice existed by way of that deficient performance.

*Id*. at 3-4.  However, Petitioner then proceeded to almost exclusively discuss the intermediate

appellate court's decision, asserting that:

> ...the Court of Appeals created a constitutional construct that has never before
> been recognized by the courts.  Under the Court of Appeal's view, so long as a
> detainee is transported from a public place to another public place–even if the
> distance between the two is a mile or more-it is not akin to an arrest requiring
> probable cause.  This view expands unjustifiably the authority of law
> enforcement to subject traffic detainees to long distance movement at their order
> and discretion without requiring a showing of probable cause.  Never before has
> such unbridled authority been given to law enforcement in the context of a
> *Terry*-type stop and initial detention.  ***Its decision should now be examined by
> this Court and overturned.***

ECF Dkt. #10, Attachment #5 at 4-5 (emphasis added).  Petitioner thereafter presented the

following sole proposition of law before the Supreme Court of Ohio:

> Once a law enforcement Trooper removes a detainee from the site of the initial
> stop, the line between an investigative detention and custodial arrest has been
> crossed, and the transfer must have been supported by probable cause.  (*Florida
> v. Royer* (1983), 460 U.S. 491, applied).

*Id*. at 9.  Petitioner did not present an ineffective assistance of counsel claim before the Ohio

Supreme Court as a proposition of law.  Petitioner instead concentrated on asserting error on the

part of the Ohio appellate court who had found that his counsel committed legal error in

-13-

withdrawing the motion to suppress for lack of standing, but had not committed prejudicial error because other reasons justified denying the motion to suppress because Trooper Romero had reasonable grounds to order them to move their vehicle one mile up the road and probable cause would have existed for the further detention.

Before this Court, Petitioner concentrates his first ground for relief on counsel's ineffective assistance due almost solely to the allegedly late appointment to his case eight days before trial.  ECF Dkt. #1, Attachment #1 at 5-8.  He mentions only one sentence relating to counsel's withdrawal of the motion to suppress in his three-page ground for relief before this Court.  *Id.* at 6.  Petitioner complains that this "late" appointment left him without sufficient time to establish a meaningful relationship with counsel, especially in light of the fact that Petitioner speaks very little English.  ECF Dkt. #1 at 5.  Petitioner did not present such a theory before the Ohio courts.

Because it appears that Petitioner did not fairly present the same theory of the ineffectiveness of trial counsel before the Ohio courts that he presents before this Court, the undersigned recommends that the Court find that he has failed to properly present this ground for relief before the Ohio courts.  Petitioner concedes in his traverse that his "argument for relief changed somewhat from the Ohio Sixth District Court of Appeals to the Ohio Supreme Court", but he contends that the change was necessary because the intermediate appellate court found error on the part of trial counsel.  ECF Dkt. #11 at 3.  However, the issue of counsel's "late" appointment was not addressed by the Ohio appellate court and therefore no change in this issue was necessary.

A federal habeas corpus court cannot consider those grounds for relief that were not

-14-

presented at each and every state court level.  *Baston v. Bagley,* 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) *citing, e.g., Buell v. Mitchell,* 274 F.3d 337 (6th Cir.2001); *Scott v. Mitchell,* 209 F.3d 854, 865-868 (6th Cir.2000) (Ohio's contemporaneous objection rule constitutes an adequate and independent state ground of decision sufficient to bar federal habeas corpus review, notwithstanding the availability and possible invocation of plain error review); *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985) (habeas review barred by default where petitioner presented claim on direct review to the Court of Appeals, but not to the Ohio Supreme Court).A federal habeas corpus petitioner must present his constitutional claim for relief to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir.1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985).  If a petitioner fails to fairly present a ground for relief to all appropriate state courts levels which bars review of the merits of the claims by the state's highest court, and "no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, his claims for habeas corpus relief are subject to dismissal with prejudice on the ground that they are waived."  *Oliver v. Moore,* 2005 WL 1793844, *4 (S.D.Ohio 2005), citing *O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir.1989).  Moreover, if a state's highest court has not considered a federal habeas corpus petitioner's claims and the petitioner can no longer present his claims to the state courts, the petitioner has waived his claims before this Court unless he can show cause for the procedural default and actual

prejudice resulting from the alleged constitutional errors, or he shows that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Petitioner presents no cause to excuse his failure to fairly present his first ground for relief and he fails to show a resulting miscarriage of justice or new reliable evidence of innocence that would allow this Court to consider this ground for relief despite his waiver. Accordingly, the undersigned recommends that the Court find that Petitioner has failed to properly present this issue to the Ohio courts and thus has waived and procedurally defaulted his first ground for relief.

### B.      SECOND GROUND FOR RELIEF

While recommending that the Court find that Petitioner has waived and procedurally defaulted his first ground for relief, the undersigned questions whether Petitioner has done the same with his second ground for relief. In this ground, Petitioner asserts that Trooper Romero lacked probable cause and/or exigent circumstances to detain him when he removed Petitioner and the driver of the Tahoe from the initial stop site and ordered them to drive a mile down the road so that Trooper Romero could provide translation assistance to Trooper Arnold. *Id*. Respondent contends that Petitioner has waived and procedurally defaulted this ground for relief because he failed to raise this issue before the appellate court. ECF Dkt. #10 at 15.

Petitioner did raise this issue before the Ohio Supreme Court as his sole proposition of

-16-

law. ECF Dkt. #10, Attachment #10 at 9. However, before the Sixth District Court of Appeals, Petitioner presented this issue in a different context. Petitioner presented this issue as support for his ineffective assistance of counsel claim, arguing that counsel committed prejudicial error by withdrawing the motion to suppress for lack of standing because passengers have standing to file the motion and Trooper Romero lacked probable cause to justify his further detention and the order to move the vehicle down the road. ECF Dkt. #10, Attachment #5 at 10. Petitioner's sole assignment of error before the Ohio appellate court stated:

> I.   Appellant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when his trial counsel withdrew a legitimate motion to suppress after apparently believing that a passenger in a motor vehicle stopped by law enforcement personnel does not have proper standing to challenge it's[sic] stop and his resulting detention, seizure, and arrest.
>
> A.   A passenger in a motor vehicle stopped by law enforcement personnel has standing to challenge its constitutionality since, as compared to the driver, he is equally seized and his freedom of movement is equally affected
>
> B.   Absent exigent circumstances, once the detaining Trooper removes the detainee from the site of the initial stop, the line between investigative detention and custodial arrest has been crossed, and the transfer must have been supported by probable cause.

ECF Dkt. #10, Attachment #5 at ii. Petitioner presented the instant ground for relief before the appellate court in the context of proving the prejudice prong of *Strickland,* as he asserted that the prejudice prong was satisfied because counsel withdrew the motion to suppress even though probable cause was lacking to support Trooper Romero's order that Petitioner and the driver move their vehicle down the road from the initial stop site. *Id.* Petitioner contended before the Ohio appellate court that the outcome of his trial would have been different had his counsel

-17-

proceeded to argue the motion to suppress rather than moving to withdraw that motion. *Id.* at 11-13.  The Ohio appellate court reviewed the issue, finding that counsel deficiently performed because Petitioner did indeed have standing to file the motion to suppress, but ruling that no prejudice resulted from counsel's withdrawal of the motion because the motion would not have been granted because Trooper Romero was still effectuating the purpose of the initial stop, his order moving Petitioner one mile down the road was reasonable, and probable cause would have otherwise been established for the move.  ECF Dkt. #10, Attachment #8 at 7-8.

While the Ohio appellate court touched upon the issue of Trooper Romero's order to move down the road, they did so in the context of Petitioner's sole assignment of error: the ineffective assistance of counsel in withdrawing the motion to suppress.  The appellate court set forth the *Strickland* standard and concluded that while trial counsel did err in dismissing the motion to suppress on the grounds of a lack of standing, Petitioner did not suffer prejudice because the motion to suppress would not have otherwise been granted.  ECF Dkt. #10, Attachment #5 at 5.

Thus, Petitioner cast his assignment of error before the Ohio appellate court as one of the ineffectiveness of counsel, while before the Supreme Court of Ohio, he identified his sole proposition of law as the issue relating to whether probable cause was necessary in order for Trooper Romero to require that he and the driver of the Tahoe drive down the road.  ECF Dkt. #10, Attachment #10.  Petitioner concedes that his "argument for relief changed somewhat from the Ohio Sixth District Court of Appeals to the Ohio Supreme Court" but he contends that the change was necessary because the intermediate appellate court found error on the part of trial counsel.  ECF Dkt. #11 at 3.  But Petitioner failed to raise the ineffectiveness of trial counsel

before the Ohio Supreme Court as a proposition of law and he otherwise failed to mention counsel's ineffectiveness or the *Strickland* standard before the Ohio Supreme Court.

For these reasons, the Court could find that Petitioner waived and procedurally defaulted this second ground for relief because he failed to properly present this issue before the Ohio Sixth District Court of Appeals.

On the other hand, the Court could choose to find that Petitioner had properly presented his second ground for relief before the Ohio intermediate appellate court as Petitioner did present the issue as a subclaim for his ineffective assistance of counsel assignment of error. Should the Court choose to so find, the undersigned nevertheless recommends that the Court find that the Ohio appellate court's decision was not contrary to or did not involve an unreasonable application of federal law.

## C.    MERITS REVIEW

Petitioner contends in his second ground for relief that he was detained in violation of his Fourth and Fourteenth Amendment rights against unlawful detention, search and seizure because Trooper Romero lacked probable cause or exigent circumstances to require the driver of the Tahoe in which Petitioner was a passenger to move the vehicle from the initial stop site down the roadway to help Trooper Arnold with translation.  ECF Dkt. #1, Attachment #1 at 10-14.  It appears from his memorandum in support of his federal habeas corpus petition that Petitioner is again alleging the prejudice factor of the *Strickland* ineffectiveness of trial counsel test.  Petitioner asserts that counsel prejudiced the outcome of his trial by withdrawing the motion to suppress because the trial court would have granted the motion to suppress and suppressed the incriminating statements that Petitioner made after his seizure and arrest had the

issue of his unlawful detention been heard, considered, researched and ruled upon by the trial court,. *Id*. at 11.  Petitioner contends that the only other evidence presented at trial was the testimony of the two troopers and a laboratory analyzer who confirmed the weight of the marijuana and that the marijuana seized from the other vehicle was in fact marijuana.  *Id.*

In *Stone v. Powell*, 428 U.S. 465, 493, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the United States Supreme Court barred petitioners from raising Fourth Amendment unconstitutional search and seizure issues in a federal habeas corpus proceeding when the state prisoner has been provided with a full and fair opportunity to litigate the Fourth Amendment claim.  The Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494.  However, petitioners are not foreclosed from arguing that trial counsel was ineffective in failing to file or in withdrawing a motion to suppress physical evidence based upon a Fourth Amendment issue.  *Kimmelman v. Morrison*, 477 U.S. 365, 382-383, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).  In order to obtain federal habeas corpus relief in such a situation, the petitioner must also prove that his Fourth Amendment claim is meritorious. The Supreme Court further explained that the Fourth and Sixth Amendment claims have "separate identities and reflect different constitutional values," and therefore must be analyzed separately. *Id.*

In reviewing this issue, the Court must look to the last explained state court decision, which is that of the intermediate appellate court.  The AEDPA provides that this Court may not

-20-

grant federal habeas corpus relief on claims adjudicated on the merits in state-court proceedings unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  "A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton,* 125 S.Ct. 1432, 1438 (2005), citing *Williams v. Taylor, supra,* at 405; *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002)*(per curiam).*  A state-court unreasonably applies United States Supreme Court clearly established precedents if it applies the Court's precedents to the facts in an objectively unreasonable manner. *Payton,* 125 S.Ct. at 1432, citing *Williams, supra,* at 405, 120 S.Ct. 1495 and *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*  "In order for a federal court to find a state court's application 'unreasonable,' the state court's decision must have been more than incorrect or erroneous[;][it] must have been 'objectively unreasonable.' " *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527 (2003)(citing *Lockyer v. Adrade,* 538 U.S. 63, 76, 123 S.Ct. 1166(2003); *Williams,* 529 U.S. at 409, 120 S.Ct. 1495.

    In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that in order to establish the ineffective assistance of trial counsel, a defendant must show deficient performance by counsel and that the deficiency prejudiced the defense. *Id.* at 687.  In order to establish deficient performance, a defendant must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688.

After establishing deficient performance, a defendant must show that the deficient performance prejudiced his defense, that is, a defendant must show that  counsel's errors were so serious "as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  It is insufficient for a defendant to show merely that the errors had some conceivable effect on the outcome of the proceeding as every action or inaction of counsel could have such an impact. *Id.* at 693.  He must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694-695.

The undersigned recommends that the Court find that the appellate court's decision was not contrary to federal law or an unreasonable application thereof.  While finding that Petitioner's trial counsel deficiently performed by withdrawing the motion to suppress because Petitioner did have standing to file the motion as a passenger, the Sixth District Court of Appeals found that Petitioner suffered no resulting prejudice by withdrawal of the motion because the trial court would not have granted the motion to suppress based on other grounds. ECF Dkt. #10, Attachment #8 at 7.  In finding that counsel's deficient performance in withdrawing the motion to suppress was not prejudicial under *Strickland*, the appellate court cited Ohio law holding that a failure to file a motion to suppress does not necessarily constitute per se ineffective assistance but constitutes ineffective assistance "only when the record establishes that the motion would have been successful if made."  ECF Dkt. #10, Attachment #8 at 4-5, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389, and quoting *State v. Robinson*, 108 Ohio App.3d 428, 433 (1996).

The appellate court cited *Florida v. Royer*, 460 U.S. 491, 500 (1983) for support that "an investigative detention must be temporary and last no longer than is necessary to effectuate the

-22-

purpose of the stop".  *Id.*  The court found that "[a]t the time of the one mile move Romero had

not yet completed the registration and identification checks.  Thus, the initial detention was

supported by "specific and articulable facts," Id., and did not "last longer than * * *necessary to

effectuate the purpose of the stop."  ECF Dkt. #10, Attachment #8 at 6.  The appellate court

additionally cited to Ohio law and other facts to support its decision, holding that Trooper

Romero had reasonable articulable facts giving rise to a suspicion of criminal activity and he

acted diligently under the circumstances in detaining Petitioner and the driver.  ECF Dkt. #10,

Attachment #8 at 5-6, citing *State v. Robinette*, 80 Ohio St.3d 234, 241 (1997) and *State v.

Venham*, 96 Ohio App.3d 649, 654 (1994).  The court relied upon the additional facts that the

Tahoe and the Nissan Frontier were traveling in tandem, the driver of the Frontier looked away

and appeared nervous when he passed Trooper Romero, Petitioner and the driver were nervous,

they contradicted each other as to their destination and provided Mexican identification, the

Tahoe had a California license plate and had a strong scent of deodorizer emanating from it, and

it was reasonable to believe that the two vehicles were connected.  ECF Dkt. #10, Attachment

#8 at 6-7.  The appellate court reasoned that counsel did not prejudice the outcome of the case

as the motion to suppress would not have been granted for these reasons.

      The undersigned finds that Petitioner cannot show that his Fourth Amendment issue is

meritorious as the appellate court's decision was not contrary to or an unreasonable application

of *Royer* because at the time that Trooper Romero requested that the Tahoe move to the location

of the Trooper Arnold and the Nissan Frontier, Trooper Romero was still effectuating the valid

purpose of his initial stop, which had been due to traffic violations, as he was still in the process

of performing a computer check of the registration and information given by Petitioner and the

driver of the Tahoe.  Thus, Trooper Romero's continued detention of Petitioner and the driver

-23-

did not exceed the scope of that necessary to effectuate the purpose of the traffic stop. Moreover, the other facts cited by the appellate court constituted additional sufficient cause to continue to detain Petitioner and the driver of the Tahoe as both of the Troopers testified that in their experience, the physical attributes of the vehicles, as well as the actions of the occupants in both vehicles, as they gave contradictory and nervous responses to questions, raised their suspicions concerning drug activity.

Petitioner's ineffective assistance of counsel claim also consequently fails because he cannot establish the requisite prejudice resulting from his counsel's withdrawal of the motion to suppress as other reasons existed to deny the motion had it not been withdrawn for the erroneous lack of standing issue. No reasonable probability existed that the trial court would have granted the motion and therefore, counsel's deficient performance in withdrawing the motion did not rise to the requisite level of prejudice under *Strickland*.

For these reasons, the undersigned recommends that the Court find that Petitioner's second ground for relief is without merit.

**V**.    **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner has failed to properly present and procedurally defaulted his first ground for relief. The undersigned further recommends that the Court find that Petitioner has failed to properly present his second ground for relief or find that it is otherwise without merit. Consequently, the

undersigned recommends that the Court dismiss the instant Petition for the Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 with prejudice.

-24-

Date:    November 16, 2005                              _____*/s/George J. Limbert*_____
                                                        George J. Limbert
                                                        United States Magistrate Judge


        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within ten (10) days of service of this notice.  Failure to file objections within the
specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See
Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).